UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY ALAN CAMPBELL,                    Case No. 11-14559

        Plaintiff,                        Mark A. Goldsmith
v.                                        United States District Judge

COMMISSIONER OF SOCIAL SECURITY,          Michael Hluchaniuk
                                          United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 14, 15)**

## I.  PROCEDURAL HISTORY

### A.  Proceedings in this Court

On October 17, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Mark A. Goldsmith referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt. 3).  This matter is currently before the Court on cross-motions for summary judgment.  (Dkt. 14, 15).

### B.  Administrative Proceedings

Plaintiff filed the instant claims on September 12, 2008, alleging that he

1

became unable to work on March 20, 2003.  (Dkt. 9-5, Pg ID 145-146).[1]  The

claim was initially disapproved by the Commissioner on November 21, 2008.

(Dkt. 9-4, Pg ID 99-103).  Plaintiff requested a hearing and on May 10, 2010,

plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Andrew

G. Sloss, who considered the case *de novo*.  (Dkt. 12-2, Pg ID 267-87).  In a

decision dated July 14, 2010, the ALJ found that plaintiff was not disabled.  (Dkt.

9-2, Pg ID 39-49).  Plaintiff requested a review of this decision on July 29, 2010.

(Dkt. 9-2, Pg ID 35-37).  The ALJ's decision became the final decision of the

Commissioner when the Appeals Council, on August 12, 2011, denied plaintiff's

request for review.  (Dkt. 9-2, Pg ID 30-32); *Wilson v. Comm'r of Soc. Sec.*, 378

F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

---

[1] The ALJ noted that plaintiff had filed a prior claim for disability insurance
benefits on April 17, 2001.  That claim was denied at the initial claims level and
plaintiff requested a hearing.  On March 19, 2003, the ALJ denied plaintiff's
claim.  Plaintiff did not appeal that decision and it is administratively final.  (Dkt.
9-2, Pg ID 42).

Plaintiff was 54 years of age at the time of the most recent administrative hearing. (Dkt. 12-2, Pg ID 270). Plaintiff's relevant work history included approximately 14 years as a machine operator. (Dkt. 9-6, Pg ID 165). In denying plaintiff's claims, defendant Commissioner considered a history of a back condition, high blood pressure, thyroid depression, numbness in feet and legs, diabetes and memory problems as possible bases of disability. (Dkt. 9-2, Pg ID 44-45).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of March 20, 2003 through his date last insured of December 31, 2004. (Dkt. 9-2, Pg ID 44). At step two, the ALJ found that plaintiff's degenerative disc disease was "severe" within the meaning of the second sequential step, but that plaintiff's remaining medically determinable physical and mental impairments did not cause more than minimal limitation in plaintiff's ability to perform basic work activities and are therefore considered to be nonsevere impairments. *Id.* At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 9-2, Pg ID 46). At step four, the ALJ found that plaintiff could not perform his previous work as a grinding machine operator. (Dkt. 9-2, Pg ID 47). At step five, the ALJ denied plaintiff benefits because he concluded that

3

plaintiff could perform a significant number of jobs available in the national economy, based on his age, education, vocational background and residual functional capacity.  (Dkt. 9-2, Pg ID 47-48).

### B.     Plaintiff's Claim of Error

Plaintiff only raises one claim of error–that the ALJ erred in accepting the vocational expert's ("VE") testimony as to the types of jobs plaintiff was capable of performing given his residual functional capacity ("RFC").  Plaintiff argues that the types of jobs listed by the VE are outside his given restriction to sedentary work.

The VE, Judith Findora, testified that plaintiff had worked in the past as a grinding machine operator, which is semi-skilled and classified as medium exertionally.  (Dkt. 12-2, Pg ID 284).  The ALJ asked the VE the following hypothetical:

> Okay.  I would like to ask you a hypothetical questions [sic] based on a combination of the past – the RFC of the past decision but also on his testimony today.  I would like you to assume a person of the claimant's age and education and past relevant work as a grinding machine operator, who is able to perform sedentary work as defined by the regulations.  However, he needs the opportunity to alternate his position at will.  He cannot climb ladders, ropes or scaffolds or crawl.  He can occasionally climb ramps or stairs and can rarely stoop, kneel or crouch.  He is limited to performing simple, routine work that does not involve hourly quotas.  He also cannot engage in commercial driving or operate that

[sic] could result in injury to him or others.  Could such a person perform any work in the national or regional economy?

(Dkt. 12-2, Pg ID 284).  The VE responded:

Yes.  There are general office clerk positions, number approximately 3,000 in the regional economy.  There are additional administrative support positions, number approximately 2,000 in the national economy.  There are ticket checker positions, numbering approximately 1,800.  There are bench assembler positions, approximately 1,700 in the region.  Packagers, number approximately 2,000.

(Dkt. 12-2, Pg ID 285).

The ALJ then asked the VE if "[her] testimony [has] been consistent with the Dictionary of Occupational Titles?" to which the VE responded "Yes."  *Id.*  The ALJ then asked plaintiff's attorney whether he had any questions for the VE, and he responded "No."  *Id.*

Plaintiff argues that the jobs identified by the VE are classified as "light" according to the Dictionary of Occupational Titles ("DOT"), not sedentary, and that the VE's testimony therefore is flawed.  Plaintiff requests the Court to reverse the ALJ's decision and award him benefits, or that this case should be remanded to the ALJ for further consideration and additional VE testimony.

## C.    The Commissioner's Motion for Summary Judgment

The Commissioner contends that plaintiff's argument lacks merit.  The

Commissioner argues that even if all of the jobs identified by the VE require more than sedentary exertion according to the DOT, the ALJ was entitled to rely on the VE's testimony because the ALJ asked the VE whether her testimony was consistent with the DOT and she responded that it is. Further, plaintiff did not bring any conflict to the ALJ's attention at the hearing. The Commissioner explains that Social Security Ruling ("SSR") 00-4p requires the ALJ to ask the VE if her testimony conflicts with the DOT and that the ALJ may not rely on such testimony when there is an apparent conflict. However, the ALJ is under no further obligation to investigate the accuracy of the VE's testimony. Rather, that obligation falls to plaintiff's counsel, who has an opportunity to cross-examine the VE and bring out any conflicts with the DOT.

The Commissioner contends that plaintiff was represented at the hearing, but his counsel did not question the VE regarding any inconsistencies between the VE's testimony and the DOT. Thus, the Commissioner argues, the ALJ here had no reason to believe that there was any conflict between the VE's testimony and the DOT and was entitled to rely on the VE's uncontested testimony.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.*

*Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may

proceed without interference from the courts."  *Felisky v. Bowen*, 35 F.3d 1027,

1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record

only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir.

2001).  When reviewing the Commissioner's factual findings for substantial

evidence, a reviewing court must consider the evidence in the record as a whole,

including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of

Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of

appeals and the district court may look to any evidence in the record, regardless of

whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc.

Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that

either the ALJ or the reviewing court must discuss every piece of evidence in the

administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508

(6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

addressing in his written decision every piece of evidence submitted by a party.")

(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,

198 Fed. Appx. 521, 526 (6th Cir. 2006).

**B.    Governing Law**

The "[c]laimant bears the burden of proving his entitlement to benefits."
*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);
*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).
There are several benefits programs under the Act, including the Disability
Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the
Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et
seq.*).  Title II benefits are available to qualifying wage earners who become
disabled prior to the expiration of their insured status; Title XVI benefits are
available to poverty stricken adults and children who become disabled.  F. Bloch,
Federal Disability Law and Practice § 1.1 (1984).  While the two programs have
different eligibility requirements, "DIB and SSI are available only for those who
have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)
(SSI).

The Commissioner's regulations provide that disability is to be determined
through the application of a five-step sequential analysis:

Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is

11

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

     If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

### C.    Analysis and Conclusions

     The undersigned finds that substantial evidence supports the

Commissioner's decision.  The Sixth Circuit has held that "the ALJ and consulting

vocational experts are not bound by the [DOT] in making disability determinations

because the Social Security regulations do not obligate them to rely on the

Dictionary's classifications." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir.

2003) (holding that the ALJ did not err in evaluating the testimony of a VE when

12

the VE testified that skilled occupations were available to an unskilled claimant) (citing *Conn v. Sec'y of Health & Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995)).  The Sixth Circuit has explained that because "not all occupations are included in the DOT and the VE may use terminology that differs from the terms used in the DOT . . . the mere fact that the DOT does not list occupations with those precise terms does not establish that they do no exist." *Beinlich v. Comm'r of Soc. Sec.*, 345 Fed. Appx. 163, 168 (6th Cir. 2009); *see also* SSR 00-4p ("The DOT contains information about most, but not all, occupations.").  "[N]either the DOT or [the VE's testimony] automatically trumps when there is a conflict." *Wright*, 321 F.3d at 616; SSR 00-4p.  Thus, the fact that the job titles to which the VE testifies does not line up perfectly with the DOT does not render the VE's testimony inconsistent with the DOT as a whole.  *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009).

In *Conn v. Secretary of Health & Human Services*, 51 F.3d 607 (6th Cir. 1995), the plaintiff argued that the ALJ erred in relying on the VE's testimony because the VE described certain jobs as "sedentary" while the DOT classified jobs with the same name as "light" or "medium." *Id.* at 610.  The Sixth Circuit held that the ALJ properly relied on the VE's testimony because the social security regulations do not require the Secretary or the expert to rely on the classifications in the DOT.  *Id.*

13

Therefore, the ALJ here did not err in relying on the testimony of the VE at Step 5 of the sequential evaluation. *See id.*; *see also Wilson v. Comm'r of Soc. Sec.*, 2011 WL 2607098, at *6 (E.D. Mich. July 1, 2011) (holding the ALJ did not err in relying on VE testimony as to available occupations for plaintiff, even where the VE did not state the numeric DOT codes assigned to the occupations and when all but one of the occupations are described in the DOT as requiring higher exertion and skill levels than plaintiff's sedentary and unskilled levels, because the Social Security regulations do not require the VE to rely on classifications in the DOT); *Davidson v. Astrue*, 2009 WL 3161358, at *3-4 (E.D. Ky. Sept. 28, 2009) (holding "the fact that several of the jobs cited by the vocational expert as 'sedentary' or 'light' are listed in the DOT at multiple exertional levels–including levels that exceed Plaintiff's capacity–is irrelevant, and the ALJ did not err when he relied upon the testimony of the vocational expert at Step 5 of the sequential evaluation").

Furthermore, even if an inconsistency did exist between plaintiff's RFC and the occupational requirements of the positions identified by the VE, as the Sixth Circuit's *Lindsley* decision makes clear, the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p. *Lindsley*, 560 F.3d at 606 (holding that the ALJ fulfilled his duties when he asked the VE whether there was any "discrepancy between your opinions

14

and the DOT standards," even if the VE did not disclose a conflict).  Rather,

"[t]his obligation falls to the plaintiff's counsel, who had the opportunity to cross-

examine the VE and bring out any conflict with the DOT.  The fact that plaintiff's

counsel did not do so is not grounds for relief."  *Id.* (citing *Ledford v. Astrue*, 311

Fed. Appx. 746, 757 (6th Cir. 2008)).

      SSR 00-4p imposes an affirmative duty on ALJs to ask VEs if the evidence

that they have provided "conflicts with the information provided in the DOT."

SSR 00-4p.  As noted in this case, the ALJ specifically asked the VE at the

conclusion of her testimony whether it was consistent with the DOT, and she

responded that it was.  (Dkt. 12-2, Pg ID 285).  Moreover, despite expressly being

given the opportunity to question the VE at the conclusion of the ALJ's

questioning, plaintiff's counsel failed to make any further inquiries or challenges

to her testimony, *id.*, and thus waived any argument he may otherwise have had

regarding the exertional requirements of the occupations the VE testified were

available to plaintiff.  *See Beinlich*, 345 Fed. App. at 168-69 ("Even if there were

an inconsistency, the plaintiff has not pointed to any authority that the ALJ erred

in his findings based on the VE's testimony, which went unchallenged by the

plaintiff until after the ALJ issued his decision.").

      Because the ALJ specifically asked the VE if her testimony was consistent

with the DOT and uncontradicted testimony of the VE indicated that no conflict

existed, the ALJ did not err by relying on such testimony in finding other jobs plaintiff could perform.  *See Lindsley*, 560 F.3d at 606.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the Commissioner's finding be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 13, 2013                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on February 13, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Richard J. Doud, Theresa M. Urbanic, AUSA, and the Commissioner of Social Security.

                                           s/Tammy Hallwood
                                           Case Manager
                                           (810) 341-7850
                                           tammy_hallwood@mied.uscourts.gov